# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| TIMOTHY MILLER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:13-cv-399-JMS-WGH |
| ) | |
| RICHARD BROWN, ) | |
| ) | |
| Respondent. ) | |

## Entry Discussing Petition for Writ of Habeas
## Corpus and Denying Certificate of Appealability

Having considered the pleadings and the expanded record, and being duly advised, the Court finds that the petition of Timothy Miller for a writ of habeas corpus should be denied. In addition, the Court finds that a certificate of appealability should not be issued. These conclusions rest on the following facts and circumstances:

1. Miller is serving the executed portion of sentences imposed by an Indiana state court following his conviction after trial by jury of child molesting and sexual misconduct with a minor. These offenses were based on a long period of molestation of and sexual activity with Miller's step-daughter, a minor at all pertinent times. His convictions were affirmed on direct appeal in *Miller v. State*, No. 06A01-0810-CR-487 (Ind.Ct.App. May 6, 2009). The trial court's denial of Miller's motion for post-conviction relief was affirmed on appeal in *Miller v. State*, No. 06A04-1211-PC-591 (Ind.Ct.App. April 10, 2013).

2. Miller now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). His five habeas claims are: (1) the trial court abused its discretion when it allowed the State to use a demonstrative aid during the victim's testimony in violation of Indiana Evidence Rule 612 and

insufficient evidence supported his conviction for child molesting; (2) the State withheld Detective Thomas Beard's notes of his interview with the victim and the State's repeated reference that DNA evidence conclusively identified Miller of the victim's child placed Miller in grave peril; (3) the trial court improperly informed the alternate jurors they could participate during trial; (4) trial counsel was ineffective for not presenting evidence that Miller did not lease the apartment until 2003, which he claims would have shown he first had sex with the victim after she turned fourteen years old; and (5) newly discovered evidence proves his actual innocence and the State failed to provide him with this evidence. The first three claims were presented to the Indiana Court of Appeals in Miller's direct appeal, with the only the Rule 612 evidentiary argument being presented in his petition for transfer. The fourth claim was presented to the Indiana state courts in Miller's action for post-conviction relief, including in his petition for transfer. The fifth claim has not been presented to the Indiana state courts.

3. A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Miller filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

4. Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. Section 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362 (2000); *Morgan v. Krenke,* 232 F.3d 562 (7th Cir. 2000). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to

reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted); *see also Badelle v. Correll,* 452 F.3d 648, 653 (7th Cir. 2006). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

5. In addition to the substantive principles just noted, "[i]t is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage,*'*); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. at 496). And, in order to establish a

claim of actual innocence "he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*). Despite his conclusory claims to the contrary, Miller has made no showing that he is actually innocent, so he may not pursue claims that are procedurally defaulted.

6. Miller committed procedural default as to several of his habeas claims by not including them in his petition to transfer on direct appeal. Specifically, his challenge to the sufficiency of the evidence (a portion of claim one), and his second, third and fifth claims were not included in his petition to transfer following the decision in his direct appeal. Miller insists that these claims were referenced in his petition for transfer, but this is insufficient to consider them to have been presented in that petition a grounds for transfer. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."). Without a showing of cause and prejudice or that the failure to reach the merits of these claims would result in a miscarriage of justice, the court is unable to reach the merits of these claims.

7. The portion of Miller's first claim which was fully exhausted is his claim that the trial court erred in permitting the State to use a demonstrative aid during the victim's testimony in violation of Indiana Evidence Rule 612. This claim, however, presents entirely a question of Indiana state law and not cognizable under § 2254(a). A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir.

2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

8. Miller's claim of ineffective assistance of counsel was presented in his action for post-conviction relief. The Indiana Court of Appeals recognized the controlling standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Miller v. State*, No. 06A04-1211-PC-591, at p. 4 (Ind.Ct.App. April 10, 2013). "Under *Strickland,* [a defendant] must prove two elements: (1) that his trial counsel's performance fell below 'an objective standard of reasonableness,' [466 U.S.] at 688; and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id*. at 694." *Daniels v. Knight,* 476 F.3d 426, 433-34 (7th Cir. 2007)(omitting parallel citations).

9. "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable--a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted). In applying AEDPA's "difficult to meet . . . and highly deferential standard," we must give the Indiana Court of Appeals' decisions "the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (internal quotation marks and citations omitted).

10. In applying this standard, the Indiana Court of Appeals reasonably concluded that the evidence counsel failed to introduce (a lease or perhaps two leases) was not necessarily exculpatory. First the authenticity of the leases was suspect, second they did not preclude the possibility that Miller first assaulted the victim when she was less than 14 years old. These findings

established that Miller was not prejudiced, a conclusion reinforced by the fact that Miller's attorney had effectively cross-examined the victim in other ways (including through her own mother's testimony). All of the foregoing further established that the attorney's performance was not deficient. *Miller v. State*, No. 06A04-1211-PC-591, at p. 7 (Ind.Ct.App. April 10, 2013). The Indiana Court of Appeals= *Strickland* analysis was not "an unreasonable application of clearly established Federal law." *Mitchell v. Esparza,* 540 U.S. 12, 17 (2003) (per curiam). Accordingly, this decision is entitled to AEDPA deference under ' 2254(d)(1), *id.,* and thus is impervious to Miller's federal habeas corpus challenge.

11. Federal habeas relief is barred for any claim adjudicated on the merits in state court "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore,* 131 S. Ct. 733, 739 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In short, the standard of § 2254(d) is "difficult to meet . . . because it was meant to be." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013) (internal quotation marks omitted); *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). Miller's habeas petition fails to satisfy this difficult standard and that petition is therefore **denied.** Judgment consistent with this Entry shall now issue.

12. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Miller has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural

ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appeal.

IT IS SO ORDERED.

Date: January 28, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Timothy Miller
No. 189938
Wabash Valley Correctional Facility
Electronic Service Participant-Court Only

Electronically Registered Counsel